IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE LATEX GLOVE PRODUCT<br>LIABILITY LITIGATION: | MDL-1148<br>(Judge Ludwig) |
| EDDIE MAE McMULLEN AND<br>BOBBY F. McMULLEN<br>    PLAINTIFF | Civil Action 02-4605 |
| vs. | (Eastern District<br>of Pennsylvania) |
| MAXXIM MEDICAL, ET AL<br>    DEFENDANTS | Civil Action No.<br>3:01CV155-SAA<br>(Northern District<br>of Mississippi,<br>Western Division) |

## ANSWER AND DEFENSES OF DEFENDANT, MAXXIM MEDICAL

**COMES NOW** the Defendant, Maxxim Medical (hereinafter referred to as Becton Dickinson) by and through it counsel and files this its *Answer and Defenses* to the Plaintiffs' Complaint served upon it and, in support thereof, would show unto the Court the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and, therefore, this Defendant would move to dismiss this cause of action pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

### SECOND DEFENSE

**AND NOW**, without waiving the above defense, the Defendant, Maxxim Medical, would answer and plead with respect to each numbered paragraph of the Plaintiffs' Complaint as follows:

**Parties and Jurisdiction**

1. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 1 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

2. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 2 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

3. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 3 of the Plaintiff's' Complaint and, therefore, will neither admit nor deny same.

4. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 4 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

5. As to the allegations contained in Paragraph Number 5 of the Plaintiff's Complaint, Maxxim Medical admits that it is a Delaware Corporation but denies the rest of the allegations contained in Paragraph Number 5 of the Plaintiffs' Complaint.

6. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 6 of the Plaintiff's Complaint and, therefore, will neither admit nor deny same.

7. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 7 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

8. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 8 of the Plaintiffs' Complaint

and, therefore, will neither admit nor deny same.

9.     This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 9 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

10.    This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 10 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

11.    This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 11 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

12.    This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 12 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

13.    This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 13 of the Plaintiffs' Complaint and, therefore, will neither admit nor deny same.

14.    This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 14 of the Plaintiff's Complaint and, therefore, will neither admit nor deny same.

15.    Paragraph Number 15 of the Plaintiff's Complaint contains no specific allegations against this or any other named Defendant and, therefore, no response is required of this Defendant.

**Jurisdiction and Venue**

16.    The allegations of Paragraph Number 16 of the Plaintiff's Complaint contains

conclusions of law and, therefore, no response is required of this Defendant.

17. The allegations of Paragraph Number 17 of the Plaintiff's Complaint contains conclusions of law and, therefore, no response is required of this Defendant.

### The Product

18. To the extent that any allegations contained in Paragraph Number 18 of the Plaintiff's Complaint pertain to the Defendant, Maxxim Medical, same are admitted.

### Allegations Common to All Counts

19. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 19 of the Plaintiff's Complaint and, therefore, will neither admit nor deny same.

20. The allegations contained in Paragraph Number 20 of the Plaintiff's Complaint are denied.

21. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 21 of the Plaintiff's Complaint and, therefore, will neither admit nor deny same.

22. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 22 of the Plaintiff's Complaint and, therefore, will neither admit nor deny same.

23. The allegations of Paragraph Number 23 of the Plaintiff's Complaint contains conclusions of law and, therefore, no response is required of this Defendant.

24. This Defendant is without sufficient information or knowledge to form a belief as to whether or not the Plaintiff, "Ms. McMullen" ever used any product manufactured by it and, therefore, this Defendant cannot admit or deny whether or not any warning was ever given to Ms. McMullen. However, this Defendant would affirmatively assert that, if any of its

products were used, then the appropriate warnings were provided.

**25.** Paragraph Number 25 of the Plaintiff's Complaint contains no specific allegations against this Defendant, and, therefore, no response is required. If a response is found to be required, this Defendant will deny same.

**26**. The allegations contained in Paragraph Number 26 of the Plaintiff's Complaint are denied.

### Background Facts Concerning Knowledge of Latex Allergy in The Medical Supply Industry

**27.** Paragraph Number 27 of the Plaintiff's Complaint contains no specific allegations against this or any other Defendant, and, therefore, no response is required.

**28.** The allegations contained in Paragraph Number 28 refer to a warning from the Food and Drug Administration and this Defendant would state that said warning speaks for itself. In that there are no specific allegations against this Defendant, no response is required.

**29 (incorrectly numbered as 28).** The allegations contained in Paragraph Number 29 refer to a warning from the Food and Drug Administration and this Defendant would state that said warning speaks for itself. In that there are no specific allegations against this Defendant, no response is required.

**30 (incorrectly numbered as 29).** The allegations contained in Paragraph Number 30 refer to a warning from the Food and Drug Administration and this Defendant would state that said warning speaks for itself. In that there are no specific allegations against this Defendant, no response is required.

**31 (incorrectly numbered as 30).** Paragraph Number 31 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**32 (incorrectly numbered as 31).** Paragraph Number 32 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**33 (incorrectly numbered as 32).** Paragraph Number 33 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**34 (incorrectly numbered as 33).** Paragraph Number 34 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**35 (incorrectly numbered as 34).** Paragraph Number 35 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**36 (incorrectly numbered as 35).** Paragraph Number 36 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**37 (incorrectly numbered as 36).** Paragraph Number 37 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**38 (incorrectly numbered as 37).** Paragraph Number 38 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**39 (incorrectly numbered as 38).** Paragraph Number 39 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required.

**40 (incorrectly numbered as 39).** The allegations contained in Paragraph Number 40 of the Plaintiff's Complaint refer to an article by Dr. Wava Truscott and, therefore, said article speaks for itself. In that there are no allegations contained in Paragraph Number 40 of the Plaintiff's Complaint pertaining to this Defendant, no response is required.

**41 (incorrectly numbered as 40).** The allegations contained in Paragraph Number 41 of the Plaintiff's Complaint refer to an article by Ronald M. Johnson and, therefore, said article speaks for itself. In that there are no allegations contained in Paragraph Number 40 of the Plaintiff's Complaint pertaining to this Defendant, no response is required.

**42 (incorrectly numbered as 41).** Paragraph Number 42 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**43 (incorrectly numbered as 42).** Paragraph Number 43 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**44 (incorrectly numbered as 43).** Paragraph Number 44 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**45 (incorrectly numbered as 44).** Paragraph Number 45 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**46 (incorrectly numbered as 45).** Paragraph Number 46 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**47 (incorrectly numbered as 46).** Paragraph Number 47 of the Plaintiff's Complaint

contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**48 (incorrectly numbered as 47).**     Paragraph Number 48 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**49 (incorrectly numbered as 48).**     Paragraph Number 49 of the Plaintiff's Complaint contains no specific allegations against this Defendant and, therefore, no response is required of this Defendant.

**50 (incorrectly numbered as 49).**     To the extent that any allegations contained in Paragraph Number 50 of the Plaintiff's Complaint pertain to this Defendant, same are denied.

**51 (incorrectly numbered as 50).**     The allegations contained in Paragraph Number 51 of the Plaintiff's Complaint are denied.

## COUNT ONE
## STRICT LIABILITY

**52 (incorrectly numbered as 51).**     Paragraph Number 52 of the Plaintiff's Complaint contains no specific allegations against this Defendant.  However, the Defendant, Maxxim Medical would re-assert each and every response provided above and would reference said response as if incorporated fully herein.

**53 (incorrectly numbered as 52).**     The allegations contained in Paragraph Number 53 of the Plaintiff's Complaint are denied.

**54 (incorrectly numbered as 53).**     The allegations contained in Paragraph Number 54 of the Plaintiff's Complaint are denied.

**55 (incorrectly numbered as 54).**     The allegations contained in Paragraph Number 55 of the Plaintiff's Complaint are denied.

**56 (incorrectly numbered as 55).**     The allegations contained in Paragraph Number 56 of the Plaintiff's Complaint are denied.

**57 (incorrectly numbered as 56).**     The allegations contained in Paragraph Number 57 of the Plaintiff's Complaint are denied.

**58 (incorrectly numbered as 57).**     The allegations contained in Paragraph Number 58 of the Plaintiff's Complaint are denied.

## COUNT TWO
## NEGLIGENCE

**59 (incorrectly numbered as 58).**     Paragraph Number 59 of the Plaintiff's Complaint contains no specific allegations against this Defendant.  However, the Defendant , Maxxim Medical  would re-assert each and every response provided above and would reference said response as if incorporated fully herein.

**60 (incorrectly numbered as 59)**     The allegations contained in Paragraph Number 60 of the Plaintiff's Complaint are denied.

**61 (incorrectly numbered as 60)**     The allegations contained in Paragraph Number 61 of the Plaintiff's Complaint are denied.

## COUNT THREE
## MISREPRESENTATION

**62 (incorrectly numbered as 60)**     Paragraph Number 62 of the Plaintiff's Complaint contains no specific allegations against this Defendant.  However, the Defendant , Maxxim Medical  would re-assert each and every response provided above and would reference said response as if incorporated fully herein.

**63 (incorrectly numbered as 62).**     The allegations contained in Paragraph Number 63 of the Plaintiff's Complaint are denied.

**64 (incorrectly numbered as 63).**     The allegations contained in Paragraph Number 64 of the Plaintiff's Complaint are denied.

**65 (incorrectly numbered as 64).**     The allegations contained in Paragraph Number 65 of the Plaintiff's Complaint are denied.

**66 (incorrectly numbered as 65).**     The allegations contained in Paragraph Number 66 of the Plaintiff's Complaint are denied.

**67 (incorrectly numbered as 66).**     The allegations contained in Paragraph Number 67 of the Plaintiff's Complaint are denied.

### COUNT FOUR
### NEGLIGENCE MISREPRESENTATION

**68 (incorrectly numbered as 67).**     Paragraph Number 68 of the Plaintiff's Complaint contains no specific allegations against this Defendant. However, the Defendant, Maxxim Medical would re-assert each and every response provided above would reference said response as if incorporated fully herein.

**69 (incorrectly numbered as 68).**     The allegations contained in Paragraph Number 69 of the Plaintiff's Complaint are denied.

**70 (incorrectly numbered as 69).**     The allegations contained in Paragraph Number 70 of the Plaintiff's Complaint are denied.

**71 (incorrectly numbered as 70).**     The allegations contained in Paragraph Number 71 of the Plaintiff's Complaint are denied.

**72 (incorrectly numbered as 71).**     The allegations contained in Paragraph Number 72 of the Plaintiff's Complaint are denied.

**73 (incorrectly numbered as 72).**    The allegations contained in Paragraph Number 73 of the Plaintiff's Complaint are denied.

## COUNT FIVE
## FRAUDULENT CONCEALMENT

**74 (incorrectly numbered as 73).**    Paragraph Number 74 of the Plaintiff's Complaint contains no specific allegations against this Defendant.  However, the Defendant , Maxxim Medical  would re-assert each and every response provided above and  would reference said response as if incorporated fully herein.

**75 (incorrectly numbered as 74).**    The allegations contained in Paragraph Number 75 of the Plaintiff's Complaint are denied.

**76 (incorrectly numbered as 75).**    The allegations contained in Paragraph Number 76 of the Plaintiff's Complaint are denied.

**77 (incorrectly numbered as 76).**    The allegations contained in Paragraph Number 77 of the Plaintiff's Complaint are denied.

**78 (incorrectly numbered as 77).**    The allegations contained in Paragraph Number 78 of the Plaintiff's Complaint are denied.

**79 (incorrectly numbered as 78).**    The allegations contained in Paragraph Number 79 of the Plaintiff's Complaint are denied.

**80 (incorrectly numbered as 79).**    The allegations contained in Paragraph Number 80 of the Plaintiff's Complaint are denied.

## COUNT SIX
## LOSS OF CONSORTIUM

The allegations contained in the first unnumbered Paragraph of Count Six of the Plaintiff's Complaint contains no specific allegations against this Defendant.  However, the

Defendant , Maxxim Medical would re-assert and every response provided above and would reference said response as if incorporated fully herein.

Upon information and belief, this Defendant will admit that Eddie McMullen and Bobby McMullen are husband and wife and were married on September 18, 1982. To the extent that any allegations contained in the unnumbered Paragraphs of Count Six of the Plaintiff's Complaint assert any liability or demand damages for the actions of this Defendant, same are denied.

The Defendant, Maxxim Medical , denies any and all allegations contained in the last unnumbered Paragraph of the Plaintiffs' Complaint beginning "WHEREFORE" and including subsections a through f.  This Defendant would further deny that the Plaintiffs are entitled to any damages, judgment or recovery whatsoever from this Defendant.

### THIRD DEFENSE

The Plaintiffs' damages and/or injuries, if any exist, are the proximate result of the negligence of the Plaintiffs and not a result of any acts or omissions of the Defendant.

### FOURTH DEFENSE

The Plaintiffs' injuries and/or damages, if any exist, are the result of the negligence of third parties other than this Defendant, and, therefore, this Defendant can not be held liable to the Plaintiffs for the alleged claims.

### FIFTH DEFENSE

Any injury and/or damage allegedly sustained by the Plaintiffs was a direct and proximate result of intervening and superseding actions and not of this Defendant.   Such intervening and superseding actions bar recovery herein on behalf of the Plaintiffs.

## SIXTH DEFENSE

The Defendant invokes the provisions of §85-5-7 of the *Miss. Code Ann.* with respect to any applicable limitations of liability and apportionment of fault.

## SEVENTH DEFENSE

The Defendant, Maxxim Medical, denies each and every material allegation contained in the Plaintiffs' Complaint by which the Plaintiffs seek to impose liability upon it, and asserts that it could not be and was not guilty of any act, fault or want of care, was in no way negligent, and is in no way liable to the Plaintiffs.

## EIGHTH DEFENSE

This Defendant denies that it is guilty of any negligence or action which proximately caused or proximately contributed to the Plaintiffs' alleged injuries and/or damages.

## NINTH DEFENSE

The Defendant denies that the Plaintiffs were injured to the nature and extent claimed and demands strict proof thereof.

## TENTH DEFENSE

Plaintiffs' claims for damages are barred in whole or in part by her failure to mitigate their damages.

## RESERVATION OF DEFENSES

Due to the fact that the discovery process has not yet begun, the Defendant, MAXXIM MEDICAL, is without knowledge or information sufficient to form a belief at this time as to whether other affirmative defenses may apply in this cause of action. However, contingent on the facts revealed by investigation, this Defendant expressly reserves its right to raise any additional affirmative defenses which may be applicable in this matter.

Respectfully submitted, this the _____ day of August, 2002.

**Maxxim Medical, Defendant**

BY: _____
WADE G. MANOR, One of the Counsel of Record for the Defendant

**OF COUNSEL:**

**James P. Streetman, III (MSB # 7973)**
**Wade G. Manor (MSB 10167)**
**CLARK, SCOTT & STREETMAN, P.A.**
447 NORTHPARK DRIVE
RIDGELAND, MISSISSIPPI  39157
POST OFFICE BOX 13847
JACKSON, MISSISSIPPI  39236-3847
TELEPHONE:  (601) 977-0102
FACSIMILE: (601) 957-0690

## CERTIFICATE OF SERVICE

I, Wade G. Manor, one of the counsel of record for Defendant, **MAXXIM MEDICAL,** do hereby certify that I have this date caused to be delivered, **via United States Mail, postage prepaid** a true and correct copy of the above and foregoing Answer & Defenses to the following:

*T. Roe Frazer, II, Esq.*
*Frazer Davidson, PA*
500 E Capitol Street
Jackson, MS 39201

**THIS** the _____ day of August, 2002.

_____
WADE G. MANOR

Answer & Defenses - MM.wpd